IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                    Case No. 3:10CR4

        Plaintiff

    v.                                                                                    ORDER

Timothy Watters, et al.,

        Defendant

This is a criminal case in which the defendant Timothy Watters has filed motions to strike surplusage and for a liminal ruling re. reference to his alias ("Timmy Gun") and firearms (Doc. 87) and suppress recordings made by a confidential informant. (Doc. 82). The government opposes the motions, which shall be denied.

With regard to the motion to strike surplusage from the indictment, I believe that motion is moot. It is not my practice to read the indictment or otherwise provide it to the jury. An indictment is not evidence, and thus is not relevant. That being so, striking some portion of the indictment is not necessary.[1]

With regard to exclude testimony about the defendant's alias, the government asserts that the evidence will show co-conspirators referring to the defendant by his alias. If that's how he was known to confederates, and that's how they referred to him while engaged in the alleged crimes, I find no basis for excluding that evidence.

---

[1] The parties shall inform the Magistrate Judge, if a Magistrate Judge presides at *voir dire*, that the indictment is not to be read to the venire. My ruling on this aspect of defendant' motion is without prejudice to renew, when and if such becomes necessary.

To the extent that the defendant seeks to exclude firearms that the government offers as proof of his involvement in the charged crimes, that motion shall likewise be denied. As the Sixth Circuit noted in *U.S. v. Hardin*, 248 F.3d 489, 499 (6th Cir.2001), it "has held many times that guns are 'tools of the trade' in drug transactions."

Defendant seeks to suppress consent recordings made by a confidential informant on the basis that the informant entered his premises, where the informant made the recordings, by means of ruse and deceit. The fact that someone lies and tricks his way into a defendant's home does not violate the Fourth Amendment. Deceit by a false friend does not undo a homeowner's consent to allowing him to enter. *E.g., U.S. v. Hankins*, 195 Fed. Appx. 295, 302, 2006 WL 2787074 (6th Cir.) (Unpublished disposition) ("A person may still validly consent to a guest's entry, even if the guest lies about his or her identity or the reasons for the entry." The Constitution permits, and the Supreme Court has endorsed use of trickery to uncover and gather evidence about crime. *E.g., Lewis v. U.S.*, 385 U.S. 206, 209 (1966) ("[I]n the detection of many types of crime, the Government is entitled to use decoys and to conceal the identity of its agents.").

It is, therefore,

ORDERED THAT: defendant's motions to strike, etc. (Doc. 87) and suppress (Doc. 82) be, and the same hereby are denied.

So ordered.

s/James G. Carr
United States District Judge